UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUSTAFA OZSUSAMLAR,

                Petitioner,

    -against-

FELIPE MARTINEZ, JR.,

                Respondent.

25-CV-4882 (LTS)

02-CR-0763-3 (KMW)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, United States District Judge:

      Petitioner, currently incarcerated at Oakdale FCI, brings this *pro se* petition under 28 U.S.C. § 2241, challenging the constitutionality of his conviction and sentence entered in *United States v. Ozsusamlar*, No. 02-CR-0763 (KMW) (S.D.N.Y. Feb. 1, 2007).[1] For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

**A.    Petitioner may not bring his claims under 28 U.S.C. § 2241**

      The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not Section 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Under Section 2241, a federal prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Petitioner's claim—that the sentencing court

---

[1] Petitioner paid the $5.00 filing fee to bring this action.

imposed an unconstitutional sentence under the U.S. Sentencing Guidelines—falls within the scope of a Section 2255 motion, but outside that of a Section 2241 petition.

Petitioner's claim, that Section 2241 is nevertheless proper under the "savings clause" of Section 2255(e), does not satisfy the standards set forth in Section 2255 to bring a Section 2241 petition. Although in limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 143 S. Ct. 1857, 1866 (2023) ("Traditionally, courts have treated the saving clause as covering unusual circumstances in which is it impossible or impracticable for a prisoner to seek relief from the sentencing court."); *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003), the savings clause authorizes a petition under Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time,'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

Petitioner fails to meet these two predicates for a challenge of his sentence under Section 2241. First, he cannot show that Section 2255 is unavailable. The Second Circuit, has held that Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original). Petitioner does not put forth an argument as to why Section 2255 is unavailable to him. Second, even if Petitioner did have a viable basis for arguing that Section 2255 relief is unavailable to him, he does not allege that he

is actually innocent, as that term is defined for the purposes of the savings clause.[2] Petitioner has therefore failed to establish that Section 2255 is unavailable to him for purposes of the savings clause.

B.     **Transfer to the United States Court of Appeals for the Second Circuit**

Because Petitioner already challenged his conviction and sentence in a prior Section 2255 motion, *see Ozsusamlar v United States*, No. 09-CV-3501 (KMW) (S.D.N.Y. Jan. 8, 2010), *appeal dismissed*, No. 10-497 (2d. Cir. July 15, 2010), and the district court decided that motion on the merits, this motion is a second or successive motion, *see Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (holding that an application is second or successive when a prior motion was adjudicated on the merits).[3]

Before a petitioner may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Petitioner has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Petitioner must request permission to pursue this motion from the United States Court of Appeals for the Second Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*) (holding that second or successive Section 2255

---

[2] The "actual innocence" doctrine recognized in certain *habeas corpus* contexts is "narrow" and typically "concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992) (citation omitted). In the context of noncapital cases, such as here, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted).

[3] A court may recharacterize an application as a second or successive Section 2255 motion without providing the petitioner an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a Section 2255 motion that was decided on the merits, this application is recharacterized as a second or successive Section 2255 motion.

motions should be transferred to the appropriate court of appeals), in the interest of justice, the Court transfers this motion to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive Section 2255 motion to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631. *See Liriano*, 95 F.3d at 122-23. This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:   August 6, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge